# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| ROBIN WILLIE TURNER, | No.: 3:10-cv-50326 |
| Plaintiff, | |
| | Philip G. Reinhard |
| vs. | P. Michael Mahoney |
| | |
| HIRSCHBACH MOTOR LINES, | MOTION TO SET ASIDE ENTRY OF DEFAULT AND DEFAULT JUDGMENT and MOTION TO STAY EXECUTION OF JUDGMENT |
| Defendant. | |

## MOTION TO SET ASIDE ENTRY OF DEFAULT
## AND DEFAULT JUDGMENT

COMES NOW Defendant, Hirschbach Motor Lines, Inc., pursuant to Federal Rules of Civil Procedure 55 and 60, and in support of its Motion to Set Aside Entry of Default and Default Judgment, states as follows:

1.      This action began when Plaintiff filed a pro se Complaint of Employment Discrimination on December 27, 2010.  (The complaint caption referenced the United States District Court for the Northern District of Illinois, Eastern Division, but all subsequent pleadings and orders reflect the Western Division, so this motion is being filed therein.)

2.      After a long series of motions and orders, including court-approved withdrawal of Plaintiff's subsequently retained counsel, Charles Prorock, due to Rule 11 concerns, Plaintiff, again acting pro se, caused a Summons In A Civil Action to be served upon Defendant on January 31, 2012.  A copy of the summons is attached hereto as Exhibit "A."

3.      Attached hereto as Exhibit "B" is a copy of the Affidavit of Service of the Jo Daviess County Sheriff's Office, filed on February 23, 2012.

4.      Attached hereto as Exhibit "C" is a copy of an October 16, 2013 email from Shannon Diehl, Records Clerk for the Jo Daviess County Sheriff's Office, including the comments recorded at that office regarding the service effected upon Defendant:

NEVER RECEIVED COMPLAINT TO BE SERVED WITH SUMMONS
SO RESPONDENT WAS ONLY GIVEN A SUMMONS.

5.      Due to multiple fatal defects (see later discussion) in this attempted service of process, Defendant did not respond to Plaintiff's complaint, not having been served with a copy of it.

6.      On May 30, 2013, Plaintiff, acting through replacement counsel, Larry Redmond, who had filed his appearance on April 26, 2013, filed a Motion for Default Judgment Pursuant to FRCP 55, premised upon Defendant's failure "to appear," presumably meaning Defendant "failed to plead or otherwise defend" as contemplated by FRCP 55(a).

7.      By docket entry dated June 13, 2013, Magistrate Judge Mahoney issued his Order (report and recommendation) to the District Court that Plaintiff's Motion for Default be granted, deferring to the District Court the appropriate process for determination of Plaintiff's damages. Pursuant to FRCP 72, the parties were given 14 days "from service of this order" to filed objections to the Order with Judge Reinhard.  The Order was not served upon Defendant, and by docket entry dated July 8, 2013, Judge Reinhard noted the absence of objections and accepted Magistrate Judge Mahoney's report and recommendation, and found Defendant "in default for failure to appear and answer."  The case was referred to Magistrate Judge Mahoney for a hearing on damages.

8.      By Order filed September 3, 2013, after a hearing on damages, Magistrate Judge Mahoney issued his report and recommendation to the District Court that Plaintiff be awarded

default judgment against Defendant in the amount of $156,766.58 for lost wages, attorney's fees and costs, giving the parties 14 days "after being served with a copy of this order" to file any written objections to the Order. The order was not served upon Defendant. Plaintiff was subsequently granted leave to introduce additional evidence in support of a claim for punitive damages. By Order filed September 18, 2013, Magistrate Judge Mahoney issued his report and recommendation to the District Court that the default judgment against Defendant be increased to $256,766.58, reflecting $100,000 for punitive damages in addition to the original damage award. The parties were given "14 days after being served with a copy of the order" to file any objections to the order. The order was not served upon Defendant.

9.      By letter dated October 6, 2013, a copy of which is attached hereto as Exhibit "D," Plaintiff's counsel inaccurately informed Defendant that a judgment for $256,766.58 had been entered against it on August 28, 2013, enclosing a copy of the September 18, 2013 order of Magistrate Judge Mahoney setting forth his then yet to be accepted report and recommendation to the District Court.

10.     By Order filed October 10, 2013, Judge Reinhard accepted Magistrate Judge Mahoney's report and recommendation and entered default judgment against Defendant in the amount of $256,766.58, declaring that, "This case is terminated."

11.     This motion urges the court to set aside the entry of default and default judgment against Defendant for good cause pursuant to FRCP 55(c) and FRCP 60(b).

12.     FRCP 4(a) prescribes the required contents of a summons. Among other things, a summons must:  (A) name the court and the parties. The summons served upon Defendant (Exhibit "A") did not identify the court (United States District Court For The Northern District Of Illinois, Western Division) in which the subject action was filed. As evidenced by the phrase "for

3

the" under "United States District Court," the form of summons clearly contemplates identification of the actual court (by district and division) where an action was filed, as distinguished from mere reference to "United States District Court." Accordingly, the summons was incomplete, defective, invalid and ineffectual, creating no legal obligation on the part of Defendant to respond thereto. The law does not impose a duty upon a party to locate the court of filing and obtain a copy of an unserved complaint upon the mere service of an incomplete summons.

13.     FRCP 4(c)(1) prescribes what documents must be served to effect proper service:

> **(c)  Service.**
>    **(1)  In General.**  A summons must be served with a copy of the complaint.  The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

Similarly, FRCP 4(h) prescribes that when serving a corporation (Plaintiff's pleadings never properly identify the intended default as Hirschbach Motor Lines, Inc.), both "a copy of the summons and of the complaint" <u>must</u> be delivered to an appropriate corporate representative. It is also noted that no waiver of service, as contemplated by FRCP 4(d), was effected or requested by Plaintiff.

14.     Because Plaintiff failed to cause a copy of the complaint to be served upon Defendant with the summons, service was incomplete, defective, invalid and ineffectual, such that Defendant had no legal obligation to respond to Plaintiff's complaint. Again, the law does not impose a duty upon a party to locate the court of filing and obtain a copy of an unserved complaint upon the mere service of an incomplete summons.

15.     The clear and substantial defects in Plaintiff's attempted service of process constitute "good cause" to set aside the entry of default under FRCP 55(c). To do otherwise would be at odds with any notion of due process as codified in the pertinent procedural rules regarding service of process discussed herein.

16.     FRCP 55(c) also contemplates the setting aside of a default judgment under FRCP 60(b), which provides as follows:

> **b)    Grounds for Relief from a Final Judgment, Order, or Proceeding.**  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1)    mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>> (4)    the judgment is void;
>>
>> (5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>> (6)    any other reason that justifies relief.

The peculiar circumstances which resulted in the entry of default judgment against Defendant trigger several of the prescribed reasons to set it aside. They will be separately discussed by reference to the numbered paragraph in which they are identified:

(a)     It is readily apparent that the court, when entering the default and default judgment, was not aware that a copy of Plaintiff's complaint was not served upon Defendant with the summons as required by FRCP 4(c), perhaps due in part to the absence of any indication on the Affidavit of Service to what documents were actually served.  This would constitute mistake or inadvertence on the part of Plaintiff, Plaintiff's counsel and the court in terms of confirming the proprietary of service of process as a prerequisite to entering a default and default judgment.

(b)     While Defendant is reluctant to characterize the conduct of Plaintiff's counsel as "fraud," the fact remains that the Motion for Default Judgment Pursuant to FRCP 55 plainly implied that service of process had been properly effected, which would include service of a complete and proper summons as well as a copy of the complaint.  Perhaps Plaintiff's counsel, not having appeared until more than two years after Plaintiff filed his pro se complaint and more than a year after Plaintiff caused the summons to be served upon Defendant without a copy of the complaint, never closely examined the summons for defects and never confirmed through the Jo Daviess Sheriff's Office what documents were actually served upon Defendant.  At the least, whether intentional or not, Plaintiff's counsel's Motion For Default Judgment Pursuant To FRCP 55 expressly or impliedly represented to the court that service of process had been properly effected as a basis for the motion.  For the reasons discussed herein, it had not been properly effected, such that the entry of default and default judgment were based upon a misrepresentation by Plaintiff's counsel.  (If such misrepresentation was intentional, the court has the inherent power to set aside the default and default judgment as a "fraud on the court" under FRCP 60(d)(3).)

(c)     Given the fatal defects in Plaintiff's attempt at service of process, the resulting entry of default and default judgment is fairly characterized as void.

(d)     If the circumstances upon which default and default judgment were entered in this case do not fall directly within the purview of any other ground for setting them aside, such circumstances certainly constitute "any other reason that justifies relief."   To deny relief to Defendant under these circumstances would constitute a denial of due process as it would effectively ignore the plain dictates of FRCP 4 regarding proper service of process to ensure a party is properly informed of a party's claims against it and the court where such claims are pending.   These are the most basic and fundamental due process rights afforded to a litigant and must be steadfastly respected, preserved and enforced.

WHEREFORE Defendant prays that the entry of default and default judgment herein be set aside.

### MOTION TO STAY EXECUTION OF JUDGMENT

COMES NOW Defendant, and in support of its Motion to Stay Execution of Judgment, states as follows:

1.     The preceding Motion to Set Aside Entry of Default and Default Judgment sets forth compelling reasons why the default and default judgment entered herein should be set aside, including relief under FRCP 60.

2.     FRCP 62(b) states as follows regarding stays pending disposition of motions:

**(b)  Stay Pending the Disposition of a Motion.**  On appropriate terms for the opposing party's security, the court may stay the execution of a judgment – or any proceedings to enforce it – pending disposition of any of the following motions:

(1)  under Rule 50, for judgment as a matter of law;

      (2)  under Rule 52(b), to amend the findings or for additional findings;

      (3)  under Rule 59, for a new trial or to alter or amend a judgment; or

      (4)  under Rule 60, for relief from a judgment or order.

     3.    Until disposition of Defendant's Motion To Set Aside Entry Of Default And Default Judgment, it would be in the best interest of justice and not prejudicial to Plaintiff for the court to "stay the execution of the default judgment – or any proceedings to enforce it – pending disposition of" such motion, upon whatever terms, if any, the court deems appropriate for Plaintiff's security.

     WHEREFORE Defendant prays that until disposition of Defendant's Motion to Set Aside Entry of Default and Default Judgment, execution of the default judgment be stayed upon whatever terms, if any, the court deems appropriate for Plaintiff's security.

                   HIRSCHBACH MOTOR LINES, INC.

                   BY:_____s/ Jana L. Brady_____
                       HEYL, ROYSTER, VOELKER & ALLEN
                           Jana L. Brady
                          ARDC #: 6281390

HEYL, ROYSTER, VOELKER & ALLEN
Second Floor, PNC Bank Building
120 West State Street
P.O. Box 1288
Rockford, Illinois 61105 1288
Telephone     815.963.4454
Facsimile      815.963.0399

Mark S. Brownlee    PIN NO. AT0001185
KERSTEN BROWNLEE HENDRICKS L.L.P.
805 Central Avenue – Suite 700
Fort Dodge, IA  50501-0957
Telephone:   (515) 576-4127
Facsimile:    (515) 576-6340
brownlee@frontiernet.net

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon all

attorneys to the above cause via the CM/ECF System on the  21st  day of  October , 2013.

TO:

Lawrence Craig Redmond
Attorney at Law
1837 North Oak Park Avenue
Chicago, IL 60707
(773)733-0830
lredmond3@juno.com

BY:                s/ Jana L. Brady
                    Jana L. Brady

23399914_1