IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Robin W. Turner, | ) |
| | ) Case No. 10 C 50326 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Hirschbach Motor Lines, | ) |
| | ) Judge Philip G. Reinhard |
| Defendant. | ) |
| | ) |

## ORDER

      For the reasons stated below, the default judgment [48], [49] is void and vacated pursuant to Fed. R. Civ. P. 60(b)(4) for lack of personal jurisdiction and the entry of default [40] is set aside pursuant to Fed. R. Civ. P. 55(c) for lack of personal jurisdiction. Plaintiff is granted until February 12, 2014 to serve defendant with a summons and the complaint.

## STATEMENT - OPINION

      Defendant, Hirschbach Motor Lines, Inc. moves pursuant to Fed. R. Civ. P. 55(c) and 60(b) to set aside the entry of default [40] and default judgment [48], [49] entered in favor of plaintiff, Robin Willie Turner. Defendant also moves the case be dismissed due to plaintiff's failure to serve process within the 120 day period set forth in Fed. R. Civ. P. 4(m).

      Plaintiff initially filed a pro se complaint (he is now represented by counsel) against defendant. According to plaintiff, he sent a summons and complaint to the Jo Daviess, Illinois County Sheriff for service on defendant. According to the affidavit of Shannon Diehl, the records clerk at the Jo Daviess County Sheriff's Office, the Sheriff's Office records indicate it never received a copy of the complaint. A deputy served defendant with just the summons but no complaint. Clint Priegel, who at the time was defendant's risk manager, received the summons from the deputy. Priegel's affidavit states he was served with a document titled "Summons In A Civil Action" but that the summons, a copy of which is attached to his affidavit, did not identify the court in which the case was pending. The document says "United States District Court" at the top but it does not identify which district. The summons says an answer must be served on "Mr. Robin W. Turner" at an address in Michigan. Having no copy of the complaint and no court identified where it could find the complaint and answer it if it wanted to, defendant did not answer.

      "Under Rule 60(b)(4) of the Federal Rules of Civil Procedure, a district court may relieve a party from a final judgment if the judgment is void for lack of personal jurisdiction over that

1

party." Philos Technologies, Inc. v. Philos & D, Inc., 645 F.3d 851, 854 (7th Cir. 2011). Whether the lack of jurisdiction is caused by improper service of process or lack of sufficient minimum contacts makes no difference. Id. at 855. A court with no personal jurisdiction cannot proceed to adjudication and bind a defendant over which it lacks personal jurisdiction, "regardless of the specific reason such jurisdiction is lacking." Id. "A court has no discretion to deny a Rule 60(b)(4) motion to vacate a judgment entered against a defendant over whom the court lacks personal jurisdiction, regardless of the specific reason such jurisdiction is lacking." Id. Fed. R. Civ. P 4(c)(1) requires that a "summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(a)(1)(A) requires a summons contain the "name of the court and the parties."

  While plaintiff contends he mailed a copy of the complaint to the Sheriff, the evidence is uncontroverted that the Sheriff's office records show they did not receive the complaint and that Priegel, on behalf of defendant, received only the summons (which was itself defective for failing to name the court) and no complaint. At the time the court entered judgment against defendant, it lacked personal jurisdiction over defendant because of the improper service of process. The court likewise lacked jurisdiction over the defendant when it found defendant in default. [40] The judgment is void and must be vacated.

  Defendant asks the court to dismiss the case for plaintiff's failure to effect service within 120 days after the complaint was filed as required by Fed. R. Civ. P. 4(m). However, the court finds good cause to extend the time to effect service. Plaintiff was operating under the erroneous belief he had in fact served defendant based on the affidavit of service he obtained from the Sheriff.

  For the foregoing reasons, the default judgment [48], [49] is void and vacated pursuant to Fed. R. Civ. P. 60(b)(4) for lack of personal jurisdiction and the entry of default [40] is set aside pursuant to Fed. R. Civ. P. 55(c) for lack of personal jurisdiction. Plaintiff is granted until February 12, 2014 to serve defendant with a summons and the complaint.

Date: 1/16/2014          ENTER:

                 *Philip G. Reinhard*
                 United States District Court Judge

                     Electronic Notices. (LC)